H. P. FOWLKES, Adm'r, v. THE N. & D. R. R. Co.

1. CAUSE OF ACTION FOR INJURY RESULTING IN DEATH. *Statute of limitations.* There is no distinction made in the statutes between classes of cases where the injured party lives a time, and suit is brought in his life-time, and where death is instantaneous. Both classes of cases are put upon the same footing; and whether the action be brought by the party himself or by his representative after his death, the cause of action is the same, and is governed by the same laws as to the statute of limitations.

Case cited: *Thurman* v. *Shelton,* 10 Yerg., 383.

Code cited: Secs. 2291–3, 2772.

2. SAME. *Same. Damages.* The rule introduced by some of the cases, in regard to damages, in cases where the action is brought by the representative, that is, damages for the loss of husband and father, or relative, to the widow or next of kin, might be allowed beyond what

would be proper where the action is brought by the party himself, doubted. The decisions of other States, being founded on their own statutes, are not controlling.

FROM WILLIAMSON.

Appeal from Circuit Court.  WM. P. MARTIN, J.

COX & TURLEY for plaintiff.

CAMPBELL, McEWEN & BULLOCK for defendant.

McFARLAND, J., delivered the opinion of the court.

The question arises upon the plea of the statute of limitations.

The action is by a personal representative under sec. 2291 of the Code, as follows: "The right of action which a person who dies from injuries received from another, or where death is caused by the wrongful act or omission of another, would have had against the wrong-doer in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his personal representative for the benefit of his widow and next of kin, free from the claims of creditors. There is no statute of limitation made expressly applicable to this class of cases. But sec. 2772 in the article prescribing the limitation of personal actions, provides that actions for personal injuries shall be commenced within one year after the cause of action accrued. It is manifest that if the injured party commenced the action in his life-time, this statute would be applicable, and it is equally manifest that the action is for the same cause, whether brought by

the injured party himself in his life-time, or by his representative after his death, so that one year after the cause of action accrued is the limitation. But the question is, when does the cause of action accrue, and when does the statute begin to run.

It is apparent that under this statute cases often arise where the injured party lives a time after the injury, and then dies of the injury, and many other cases occur where the death is, in the common acceptation of the term, instantaneous.

In the first class of cases, where the injured party lives a time, it would seem clear that the cause of action accrued when the injury was received, or at the time of the wrongful act or omission. If, in such cases, an action be brought in the life-time of the party, and a recovery be had, or a settlement and a release of the claim, or accord and satisfaction, and the party afterwards die of the injury, his representative certainly could not then sue and recover. See Shearman & Redfield on Negligence, sec. 301.

This being so, the only question remaining is, whether there is any distinction between cases where the injured party lives a time, and cases where the death is instantaneous. There is certainly no such distinction indicated in the statute, both class of cases are put upon the same footing.

The purpose seems simply to have been to repeal that rule of the common law that actions for personal injuries die with the person, in those cases where the injured party dies of the injury, but whether the action be brought by the party himself, or his repre-

sentative after his death, the cause of action is the same, and is governed by the same laws. To show this conclusively, it is only necessary to refer to sec. 2293, which, in terms, provides that if the action be brought by the party in his life-time, it shall continue after his death without revivor, showing that in either case the action is essentially the same.

The argument against this view is, that the action allowed by this statute is a new action given to the personal representative, an action which the injured party could not have maintained; that the action is given to the personal representative on account of the death of the injured party; that his death is the cause of action, and this, of course, could not accrue to the injured party himself, but only accrues to his representative, and could not accrue to him until his appointment.

This argument, though plausible, is not sound. As we have seen, the statute is equally applicable to cases where the injured party lives a time, and to cease where death is instantaneous. Where the injured party lives a time after the injury, he has a right of action without the statute, if an action be brought by the party himself, and he then die of the injury, before judgment, the effect of the statute is to prevent an abatement, and allow the cause to proceed, notwithstanding the death, but not on account of the death. The cause of action was the injury, and in such cases the action after the death is prosecuted for the same cause for which it was brought, and is the same action. In cases where no action is brought by the

injured party himself, the statute allows the action to be brought by the representative. This could not have been done at the common law, and it is, therefore, in this sense, a new and statutory action. But it is brought for the same cause as if the injured party had himself brought the action.

The general rule is, that if a cause of action accrue in the life-time of a party, the statute of limitation begins to run, and is not suspended during the time that elapses between his death and the appointment of his representative. Angel on Limitations, sec. 56.

It is different if the cause of action does not accrue until after the death, then, in general, the statute does not begin to run until the appointment of a representative. Angel on Limitations, ch. 7; *Thurman* v. *Shelton*, 10 Yerg.

The argument is that the cause of action in cases of instantaneous death could not accrue to the party in his life-time, and it is true that for practical purposes it could not, but upon the theory that there is no such thing, literally, as instantaneous death, the cause of action might be held to accrue to the party in his life-time, though he should die before he could possibly bring an action.

But at any rate, no distinction is made in the statute between the two classes of cases. Where the injured party lives long enough, it is clear the action accrues to him, and the statute begins to run. We are not authorized to establish a different rule where the death is, in the common acceptation of the term,

instantaneous. We could not determine how soon after the injury death should occur, in order to take the case out of the other rule.

It is true that some of the cases seem to have introduced a new element of damages in cases where the action is brought by the representative, that is, damages for the loss of society of the husband and father or relative to the widow or next of kin. That in such cases damages might be allowed beyond what would be proper when the action is brought by the party himself.

Some of these cases stand upon doubtful grounds, but even when the action is brought by the party himself, damages might in a proper case be given, to the same extent as if death had ensued. That is, where the injury permanently disables the party for life, the injury, in a pecuniary sense, would be the same as if death had ensued.

We have found no authority that we regard as controlling, the decisions of other states being founded upon their own statutes, which are not identical with ours. The case of *Whitford* v. *The Panama Railroad Company,* 23 New York Court of Appeals, is founded upon the New York statute, and conceding that the statute of that State is substantially the same as ours, it seems to us that the reasoning of Chief Justice Comstock, in the dissenting opinion, is far more convincing and satisfactory. Upon a contrary holding an action might be brought twenty years after the injury or death of the party.

Judgment should be affirmed.

Fowlkes *v.* The N. & D. R. R. Co.

TURNEY, J., dissented as follows:

The question in the case arises upon the construction of sec. 2291 of the Code, and is, "Does the statute of limitations of one year, for the recovery of damages for injury to the person, apply to the present action?"

I concur in the conclusion of Judge Sneed in an opinion prepared in this case at the last term, and as an additional reason in support of its correctness, hold that the act in question creates a new and distinct ground of suit, and in repealing the rule of common law, gives a cause for suit and recovery that neither did nor could have existed in the person injured.

The constituents making up the cause of action on his part, to-wit: pains, physicians bills, mental agony, and the like, do not enter into those upon which the action for the benefit of the widow and children is based, which are the loss of the social relations of husband and wife and parent and child, the financial educational, and material aid, and the advice and protection of the husband and father.

While the husband and father lives, there is no right of action in the wife and children, the right only accrues at his death, and then for the consequences resulting to them from such death. If the husband and father, being injured, linger for more than twelve months without bringing suit, and then die, I do not think the doctrine that the time of more than one year from the injuries to the death having elapsed, will bar the right to sue for the benefit of the widow and

children, can be maintained, for the very strong reason that no such right existed during that time. Time never runs against that which has no existence. A right of action must first accrue to and vest in a party before time can commence to operate against it or destroy it. If the party injured recover permanently, he may still sue for the injuries to the person. If, however, after suit brought, he dies from. other causes, although within a year after the injuries received, no right of action passes to the personal representative for the benefit of the family of the deceased, the words of the statute expressly exclude such interpretation, thereby making inevitable the conclusion that the right of action after the death was intended by the Legislature to give to the wife and children the means of recovering compensation for the losses already indicated as follows to them from the death of the husband and father. To reimburse them as far as may be in money for their deprivation of that protection, support, and dependance once had in the husband and father.

For the mutilation, disfiguring, and deformity to the party injured, the wife and children can maintain no suit; the party injured while living may. He may exhibit these things in aggravation of damages; his death puts an end to them as facts for the considertion of courts and juries, for the reason that in injuries to the person these things constitute the grounds of suit, while in suits like the present the sole inquiry is, did the death result from the injury?

If it did, what is the measure of damages? In the

estimate of which it can make no difference whether the injury mangled and disfigured, or left not the slightest mark of violence.

The one action is for injury to the person, immediate and direct, and under proper rules of pleading is tresspass. The other for wrongs consequential and remote, and should be case.

By the statute it is not the action which passes to the representative, but a right of action; nor is it the action wich does not abate, but the right of action. I am unable to see how, under a declaraction for injures to the person, claiming damages for the loss of time, physical and mental suffering, outlay for medical attention, etc., etc., the representative can proceed for the consequential damages resulting to the widow and children from the death of the original plaintiff. If, after his death, the suit remain in court, under the provisions of the statute, new pleadings should in strictness be had.

That the Legislature intended to create a new right of action is further made manifest in the provision that the recovery shall be for the benefit of the widow and next of kin, free from the claims of creditors.

I am of opinion this is not an action for injuries to the person, and that the statute of limitations of one year does not apply.